UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS BRICKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-01023 CDP |
| | ) | |
| THE CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Self-represented plaintiff Thomas Bricker, an inmate currently incarcerated at the Eastern Reception Diagnostic Correctional Center (ERDCC), filed this civil rights action brought pursuant to 42 U.S.C. § 1983 on July 9, 2025; however, plaintiff neither paid the $405 filing fee nor filed a motion to proceed without prepayment of fees or costs. Plaintiff must do one or the other for this case to proceed. *See* E.D. Mo. L.R. 2.01(B)(1). If plaintiff files a motion seeking leave to commence this action without prepaying fees or costs, he must also file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Plaintiff's failure to timely pay the filing fee or file a motion seeking leave to commence this action without payment of fees or costs may result in the dismissal of this case, without prejudice and without further notice. After review of the complaint, the Court will also order plaintiff to amend his pleading on a Court-provided form. *See* E.D. Mo. Local Rule 2.06(A).

### Plaintiff's Complaint

Plaintiff Thomas Bricker, an inmate at ERDCC in Bonne Terre, Missouri, alleges violations of his civil rights against the City of St. Louis. He alleges that during his incarceration

at the St. Louis City Justice Center, on August 20, 2021, an unidentified correctional officer opened his cell door allowing three inmates to enter and attack him. Plaintiff was taken to the Justice Center's medical department where it was determined he had broken bones in his ribs and hand. He was then brought to Barnes Jewish Hospital. Hospital staff recommended he be admitted for a consult with a bone specialist, but the Justice Center's escort officers refused permission. He alleges that he was taken back to the Justice Center without receiving proper treatment and placed back into general population.

After complaining about pain for several days, he was brought back to the Justice Center's medical department. Plaintiff states that the Justice Center's medical staff admitted they had forgotten about him. He was then transferred back to Barnes Hospital for surgery, where steel pins were placed inside his hand. Plaintiff was told to return in one month for pin removal but was not transported back by Justice Center employees until three months later, causing him to have a second unnecessary surgery.

Plaintiff asserts Justice Center staff were aware of his need for a one-month follow-up because both he and his caseworker made several attempts to inquire about follow-up. Nonetheless, he was not taken back to Barnes Hospital until several months later. Because of the alleged late treatment, plaintiff asserts that he cannot bend two of his fingers. He believes the permanent damage could have been prevented if he received proper and timely medical care.

As currently written, plaintiff's complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915. First, as plaintiff was told in his prior lawsuit, *see Bricker v. The St. Louis Justice Center, et al.,* 4:24-CV-1174 SRW (E.D.Mo. dis. Pursuant to Fed. R. Civ. R. 41 Dec. 16, 2024), a subdivision of local government (such as the Justice Center) is not a suable entity

under 42 U.S.C. § 1983,[1] and plaintiff has failed to state a municipal liability claim in this case.[2] To state a cognizable claim pursuant to 42 U.S.C. § 1983, plaintiff must name a specific defendant and allege facts connecting the defendant or defendants to the challenged action. In consideration of plaintiff's self-represented status and the serious allegations he is presenting, the Court will permit him the opportunity to file an amended complaint.

### Instructions for Amending the Complaint

Because plaintiff is representing himself, the Court will allow plaintiff to amend his pleading on a Court-provided form. *See* Local Rule 2.06(A). Plaintiff is required to either type or print on the Court-form when filing his amended complaint.

The filing of an amended complaint completely replaces the original complaint, so plaintiff must include in the amended complaint every claim he wishes to pursue. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned. *Id.*

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. Fed. R. Civ. P. 8(a). Plaintiff should put each claim

---

[1] To the extent plaintiff seeks to sue the St. Louis City Justice Center, the Justice Center cannot be named as a defendant as it is not a suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail,* 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

[2] Absent a constitutional violation by a St. Louis City employee, there can be no § 1983 or *Monell* liability for the City of St. Louis. *See Whitney v. City of St. Louis, Missouri,* 887 F.3d 857, 861 (8th Cir. 2018); *see also Malone v. Hinman*, 847 F.3d 949, 955-56 (8th Cir. 2017) (finding no § 1983 or *Monell* liability on the part of the city where no constitutional violation by the police officer employee); *Sanders v. City of Minneapolis, Minn.*, 474 F.3d 523, 527 (8th Cir. 2007) (finding that without a constitutional violation by the individual officers, there could be no § 1983 or *Monell* municipal liability).

into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

If plaintiff is suing a defendant in his or her individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.,* 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, so he or she can receive notice of what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint that complies with this

Court's instructions within twenty-one (21) days, this action will be dismissed without prejudice and without further notice. Additionally, if plaintiff fails to either file a motion to proceed in forma pauperis supported by a prison account statement, or pay the $405 filing fee, within twenty-one (21) days, this action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form and a copy of the Application to Proceed in District Court without Prepaying Fees and Costs.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Order, Plaintiff shall file an amended complaint on the Court's Prisoner Civil Rights Complaint form in compliance with the Court's instructions. Plaintiff shall type or print on the Court-form when filing his amended complaint.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Order, Plaintiff shall either pay the $405 filing fee or submit a completed Application to Proceed in District Court without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that, if plaintiff chooses to submit an Application to Proceed in District Court without Prepaying Fees or Costs, he shall file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint, within **twenty-one (21) days** of the date of this Order.

**IT IS FINALLY ORDERED** that plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 18th day of July, 2025.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE